## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

(1) FIDELITY AND DEPOSIT COMPANY )
OF MARYLAND, a Maryland corporation, )
                                          )
           Plaintiff, )
                                          )
v. )          Case No. CIV-12-301-HE
                                          )
(1) WITTWER CONSTRUCTION CO., INC., )
an Oklahoma Corporation; (2) WINDERMERE )
INVESTMENTS, LLC, an Oklahoma limited )
liability company; (3) DMR AVIATION, LLC, )
an Oklahoma limited liability company; )
(4) GRIFFIN LEASING, LLC, an Oklahoma )
limited liability company; (5) D.R. WITTWER, )
L.P.; (6) DANIEL R. WITTWER, individually; )
(7) TRACY LYNN WITTWER, individually; and )
(8) THE DAN AND TRACY WITTWER )
FAMILY TRUST, )
                                          )
           Defendants. )

## AGREED JOURNAL ENTRY OF JUDGMENT

Now on this _6th_ day of _March_, 2013, this matter comes on for hearing pursuant to the agreement of the parties. After reviewing the pleadings on file and in accordance with the agreement of the parties, the Court finds as follows:

1.      On or about June 15, 2009, Wittwer Construction Co., Inc., Windermere Investments, LLC, DMR Aviation, LLC, Griffin Leasing, LLC, D.R. Wittwer, L.P., Daniel R. Wittwer, Tracey Lynn Wittwer, and The Dan and Tracey Wittwer Family Trust (referred to separately, or collectively as "Indemnitors") executed an Agreement of Indemnity in favor of Zurich American Insurance Company and its subsidiary, Fidelity and Deposit Company of Maryland ("F&D"). The Agreement of Indemnity was executed and delivered to F&D as consideration for the issuance of the bonds on behalf of Wittwer Construction Co., Inc. ("Wittwer").

2.      In reliance upon the Agreement of Indemnity and at the request of Indemnitors, F&D issued the bonds on behalf of Indemnitors. More specifically, F&D issued certain performance and payment bonds naming Wittwer as principal on the projects.

3.      Beginning in November, 2011, Wittwer notified F&D that it would be unable to perform or complete the performance of the contracts bonded by F&D and that it was financially unable to pay subcontractors and suppliers for labor and materials supplied to these bonded contracts and was, therefore, in default.

4.      Numerous claims were made on the bonds issued by F&D by unpaid subcontractors and suppliers on the projects. These claims arose as a result of Daniel R. Wittwer's failure to utilize construction draws received from the owners on the projects to satisfy current or past due obligations to the subcontractors and suppliers paid by F&D for labor and/or materials in the direct prosecution of the work on the projects. Daniel R. Wittwer admits the following:

A.      The funds received by Wittwer in connection with the projects were and are trust funds for the benefit of and payment of all obligations in connection with the projects for which F&D would be liable under the bonds. Daniel R. Wittwer further recognizes that F&D had and has an interest in such trust funds pursuant to Paragraph 4 of the Agreement of Indemnity and/or pursuant to its rights of assignment and/or subrogation to the rights of the individuals and/or entities whose claims F&D satisfied in connection with the projects. Such trust funds inure to the benefit of F&D for any liability or loss it has or may sustain under the bonds.

B.      Daniel R. Wittwer was trustee of the trust funds received in connection with the projects and, as such, had a fiduciary duty to F&D and/or the individuals and entities whose claims F&D satisfied in connection with the projects, to disburse the trust funds appropriately.

2

C.     F&D has been assigned and/or is subrogated to the individuals or entities whose claims it paid under the bonds, including their respective rights in the trust funds received by Wittwer in connection with the projects.

D.     Daniel R. Wittwer, as trustee, admits that $1,400,000.00 is the agreed amount of liquidated damages to F&D which arose because trust funds were misapplied in breach of his fiduciary duties, and that the damages of $1,400,000.00 to F&D arose as a direct and proximate result of such breach. Daniel R. Wittwer makes no admissions with regard to any party other than F&D, and denies any allegations with regard to any breach of fiduciary duty or other claims made by any other party other than F&D.

5.     As a result of having issued the bonds and having paid subcontractors and suppliers on the projects and as a result of fulfilling its obligations under performance bonds to complete unfinished work on bonded projects, F&D has incurred losses and expenses (including, but not limited to, interest, court costs, and attorney fees) in the amount of $3,000,000.00 through the date of this journal entry of judgment.

6.     Pursuant to the terms of the Agreement of Indemnity, Wittwer, Windermere Investments, LLC, DMR Aviation, LLC, Griffin Leasing, LLC, D.R. Wittwer, L.P., Daniel R. Wittwer and Tracey L. Wittwer, and The Dan and Tracey Wittwer Family Trust agreed to reimburse and indemnify all losses and expenses incurred by F&D as a result of F&D issuing bonds on behalf of Wittwer. Thus, F&D is entitled to judgment against the defendants in the amount of $3,000,000.00.

3

7.      Of the $3,000,000.00 judgment awarded to F&D, defendants, Daniel R. Wittwer and Tracey L. Wittwer, shall only be held jointly and severally liable for a total amount not to exceed $1,400,000.00 thereof.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that judgment be entered in favor of F&D and against defendants, Wittwer Construction Co., Inc., Windermere Investments, LLC, DMR Aviation, LLC, Griffin Leasing, LLC, D.R. Wittwer, L.P., Daniel R. Wittwer, Tracey L. Wittwer, and The Dan and Tracey Wittwer Family Trust in the amount of $3,000,000.00.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that of the $3,000,000.00 judgment awarded to F&D, defendants, Daniel R. Wittwer and Tracey L. Wittwer, shall only be held jointly and severally liable for a total amount not to exceed $1,400,000.00 thereof.

_____

JUDGE JOE HEATON
UNITED STATES DISTRICT JUDGE

4